**WO**  NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| L Alicia Rascon, *et al.*, | No. CV-14-00749-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Clinton H. Brookins, *et al.*, | |
| Defendants. | |

At issue are Plaintiff L Alicia Rascon's Motions to Deem Facts Improperly Denied (Docs. 147, 149, Mots. to Deem), to which Defendant Clinton H. Brookins and the City of Phoenix, Jeremy King, Nicholas R. Welch, and Steven Squier filed Responses (Docs. 152, 156, Mots. to Deem Resps.), and in support of which Plaintiff filed a single Reply (Doc. 163, Mots. to Deem Reply); and Plaintiff's Motion to Disqualify Counsel for Defendants City, King, Welch, and Squier (Doc. 161, Mot. to Disqualify), to which those Defendants filed a Response (Doc. 164, Mot. to Disqualify Resp.), and Plaintiff filed a Reply (Doc. 165, Mot. to Disqualify Reply).

**I.   MOTIONS TO DEEM FACTS IMPROPERLY DENIED**

Plaintiff argues that Defendants' answers did not properly admit or deny certain allegations, or have otherwise been contradicted by subsequent testimony or discovery. (Mots. to Deem at 8-10.) Defendants respond that any attempt to strike their answers are untimely, that asserting that their answers are not supported by the record or material facts is an improper attempt to obtain summary judgment, and that their responses satisfy the requisite pleading standards. (*See* Mots. to Deem Resps.)

Under Rule 8(b) of the Federal Rules of Civil Procedure, a party in responding to a pleading must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). Under Rule 11(b), "a party certifies that . . . the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information." Fed. R. Civ. P. 11(b)(4). Despite allegations to the contrary, all Defendants have plainly met this standard. Moreover, courts have deemed an assertion of lack of knowledge in an initial answer as an admission only in extreme circumstances, primarily after a party persists in disclaiming knowledge throughout the adjudication of claims. *See Gallagher v. England*, No. Civ 050750 AWISMS, 2005 WL 3299509 at *5-6 (E.D. Cal. Dec. 5, 2005). Further, Defendants explicitly state in the first paragraph of their Answers that any allegations they do not expressly admit, they deny. (Docs 68, 69 at 1.) Under Rule 8(b)(3), the Defendants are permitted to "generally deny all [allegations] except those specifically admitted." Fed. R. Civ. P. 8(b)(3).

Standing alone, Defendants' Answers meet the pleading standard. If Plaintiff has evidence supporting a conclusion that Defendants improperly denied allegations in the Complaint, a motion for summary judgment is the proper vehicle to put forth and rely on those facts. Defendants' various contentions that Plaintiff was able to serve Requests for Admission, seek stipulations, or otherwise interrogate the veracity of the Answers by deposition are also well founded. Further, any of Defendants' denials that are vague, qualified, or otherwise insufficient—as Plaintiff argues—will not by themselves create a genuine issue of material fact if Plaintiff meets her burden to put forth uncontroverted evidence to the contrary.

In short, Plaintiff may disagree with the substance of the Answers, but that does not justify a ruling deeming her allegations admitted. Such disagreements are more properly the subject of a motion for summary judgment—the deadline for which is rapidly approaching—or for trial.

## II. MOTION TO DISQUALIFY

Plaintiff argues that allowing counsel to concurrently represent both the at-issue Individual Defendants (*i.e.*, Officers King, Welch, and Squier) and the City creates several unwaivable conflicts. First, Plaintiff contends that the Individual Defendants have compelling incentives to escape personal liability by arguing that they were acting pursuant to policy, custom, or procedure, or were denied proper training. (Mot. to Disqualify at 8-10.) Conversely, Plaintiff argues, the City is incentivized to escape *Monell* liability by claiming the officers' actions were in violation of the City's policies, customs, or procedures, or were otherwise outside the scope of their employment. (Mot. to Disqualify at 8-10.) Second, Plaintiff argues that because the Individual Defendants could conceivably face criminal liability for the decedent's death, they have uniquely compelling reasons to settle the case or otherwise decline to testify. (Mot. to Disqualify at 8-9.) Third, Plaintiff argues that the availability of immunity to the Individual Defendants, which is not equally available to the City, represents a conflict in itself. (Mot. to Disqualify Reply at 6-7.)

Defendants respond that they have a unified theory of defense that does not include any of the incentives addressed above. (Mot. to Disqualify Resp. at 6-10.) Specifically, Defendants assert that the officers' use of force was justified, that the decedent's death was caused by other factors, and that Plaintiff's remaining theories are not supported by law. (Mot. to Disqualify Resp. at 6-7.) Defendants also assert that any conflict regarding criminal liability is speculative and the availability of immunity defenses does not represent a conflict. (Mot. to Disqualify Resp. at 7.)

The Court has inherent powers to manage the conduct of attorneys who appear before it. *See, e.g.*, *Colyer v. Smith*, 50 F. Supp. 2d 966, 968 (C.D. Cal. 1999). Disqualification of counsel, though, is a drastic measure, and a motion to disqualify by the opposing party is subject to particularly strict judicial scrutiny. *Optyl Eyewear Fashion Intern. Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985); *see also Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982) (stating

that such motions should be viewed with "extreme caution for they can misused as techniques of harassment" and "serve[] to destroy a relationship by depriving a party of representation of their own choosing"); *Alexander v. Superior Court*, 685 P.2d 1309, 1313 (Ariz. 1984) (that such motions should be used "[o]nly in extreme circumstances").[1]

Plaintiff's argument regarding the potential conflict that may arise between the Individual Defendants and the City is insufficient for disqualification as Defendants have affirmatively asserted that their interests align. First and foremost, the potential conflict between the Individual Defendants and City is negated by Defendants' unified theory of defense and the admissions therein: that the City has conducted a Use of Force Review which it stands by, that the Individual Defendants did not violate any policy or training, and that the use of force was justified. Similarly, the Individual Defendants have yet to put forth any argument regarding insufficient training. These admissions, which the Court trusts will be consistently put forth throughout the entirety of this litigation, extinguish any potential conflict. At the initial phase of the trial, Defendants represent they will argue that the Individual Defendants were acting in accordance with their training and the customs and practices of the department, but were justified in their use of force. If a constitutional violation or excessive force is found, Defendants may be foreclosed from then arguing in the second phase of trial that the Individual Defendants' actions were violative of the department's customs, practices, or training. The fact that the City has not reserved its rights also suggests indemnification of the officers, which would separately terminate any potential conflict.

As for Plaintiff's next argument, the specter of possible criminal violations is too hypothetical to require disqualification. If disqualification were required in such instances, it would allow plaintiffs to usurp defendants' litigation strategy and choice of counsel. To the degree Plaintiff argues that the lack of settlement itself has prejudiced the Individual Defendants as they have been forced to litigate, that too is speculative.

---

[1] Plaintiff extolls these very virtues—the importance of the choice of counsel—in defending Plaintiff's choice of out-of-state counsel who may not be familiar or in compliance with Local Rules. (Mots. to Deem Reply at 7-8.)

- 4 -

Similarly, the fact that immunity may be available to the Individual Defendants, and not the City, is not a reason for disqualification. Moreover, Defendants positively assert that they would be happy to proceed to phase two of the trial with the Individual Defendants being granted qualified immunity. (Mot. to Disqualify Resp. at 7 ("The City would gladly accept a result of the officers obtaining qualified immunity even if that were to mean that the *Monell* claims would still proceed to trial.").)

Plaintiff's final argument, that she is prejudiced by the alleged concurrent conflict of interest as the Individual Defendants could "credibly argue on appeal [] that they did not provide 'informed consent' to the joint representation" and were not properly represented (Mot. to Disqualify at 11) is also notional and obviated by Defendants' single theory of defense and the extinguished conflict as set forth above.

In sum, the potential conflict is too remote to warrant prejudicing Defendants by requiring separate counsel, particularly at this late stage of litigation and when Defendants are presumed to be apprised of the potential conflict. *See, e.g.*, *Johnson v. Bd. of Cnty. Cmm'rs for Cnty. of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996) (declining to adopt a *per se* rule requiring separate counsel when only a potential conflict exists). If the potential conflict somehow matured into an actual material conflict—which, as this Order states, is unlikely—separate representation would then be required. *Id.* Even circuits following strict rules regarding *Monell* liability disqualification require disqualification of counsel representing both an individual officer and the municipal employer in § 1983 cases only where counsel acts in a way that is actually against the officer's interests. *See, e.g.*, *Coggins v. Cnty. of Nassau*, 615 F. Supp. 2d 11, 33 (E.D.N.Y. 2009) (declining to disqualify county attorney because the county's and employee's interests were aligned as a result of county's determination that employee "acted within the proper discharge of [his] duties and within the scope of [his] employment" thus "any judgment against [the employee] will effectively be one against the [c]ounty"). As to Defendants' knowledge, the Court will not unnecessarily invade the attorney-client relationship based on unsubstantiated speculation. Nonetheless, it is incumbent on every barred attorney to

comply with the Rules of Professional Conflict, including the disclosure of all potential conflicts and the consequences of concurrent representation. Until presented with evidence otherwise—of which the alleged lack of settlement demand is not—the Court presumes that the attorneys before it are in compliance with such obligations.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motions to Deem Facts Improperly Denied (Docs. 147, 149) and Plaintiff's Motion to Disqualify (Doc. 161).

**IT IS FURTHER ORDERED** denying any further relief requested by Defendants in their various Responses, including the imposition of sanctions and attorneys' fees for responding to Plaintiff's Motions and requiring Plaintiff to obtain local counsel.

Dated this 16th day of March, 2017.

Honorable John J. Tuchi
United States District Judge